IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

       Plaintiff,

  v.

ROBERT ERIC ANDERSON,

       Defendant.

CR 98-480-HA

ORDER

HAGGERTY, Chief Judge:

Before the court is defendant Robert Anderson's *pro se* Motion for Sentence Reduction (Doc. #128). For the following reasons, this motion is denied.

In 1999, defendant pled guilty to armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d). He was sentenced to 223 months imprisonment to be followed by a 3-year term of supervised release. In 2000, Defendant filed a § 2255 habeas petition, which this court denied on May 8, 2001. In 2002, defendant filed a Motion for Relief from Judgment, which this court construed as a successive petition under 28 U.S.C. § 2244(b), and denied for lack of certification. Now, defendant seeks relief under 18 U.S.C. § 3582(c)(2), seeking a sentence reduction based on the Supreme Court's

1   - ORDER

decisions in *Blakely v. Washington,* 124 S.Ct. 2531 (2004), and *United States v. Booker/Fanfan*, 125 S.Ct. 738 (2005).

Section 3582(c)(2) provides that where a defendant was sentenced to a term of imprisonment that is based on a sentencing range that has been subsequently lowered by the Sentencing Commission, the court may reduce the defendant's term of imprisonment if such a reduction is consistent with the Sentencing Commission's applicable policy statements. First, there is no evidence here that the Sentencing Commission has lowered the sentencing guideline range. Second, defendant's motion is essentially a successive § 2255 motion, which must first be certified by a panel of the Ninth Circuit to contain "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court . . . ." 28 U.S.C. § 2255. Defendant has not obtained a certification. Third, this court has previously held that neither *Booker* nor *Blakely* applies retroactively. Indeed, the Supreme Court clarified in *Booker* that its holding applied only to cases on "direct review." *Booker*, 125 S.Ct. at 769. The Ninth Circuit has articulated that *Blakely* does not apply retroactively to cases on collateral review. *Cook v. United States*, 386 F.3d 949 (9th Cir. 2004). Accordingly, defendant's motion is denied.

**CONCLUSION**

Defendant's Motion for Sentence Reduction (Doc. #128) is hereby DENIED.

IT IS SO ORDERED.

Dated this  5  day of May, 2005.

                                                  /s/Ancer L.Haggerty
                                                     Ancer L. Haggerty
                                             United States District Judge